IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Souffrant, | ) | C/A No.: 0:18-388-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| C.J. Iseman, Deputy Sheriff of | ) | |
| Clarendon County; and Clarendon | ) | |
| County Sheriff's Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Thomas Souffrant ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). This matter comes before the court on the following motions filed by Plaintiff: (1) Motions Relating to Discovery [ECF Nos. 45, 52, 53]; (2) Motion for an Extension [ECF No. 49]; (3) Motion for a Bench Trial [ECF No. 50]; and Motion to Appoint Counsel [ECF No. 51].

I.      Motions Relating to Discovery

Plaintiff filed three separate motions requesting various forms of discovery. [ECF Nos. 45, 52, 53]. Plaintiff has previously been advised that discovery requests need not be filed with the court, but should be served on

Defendants. [ECF No. 26]. Therefore, Plaintiff's motions are denied, as they prematurely seek to compel discovery responses from Defendants before the requests were served on Defendants. However, in this limited instance only, the court construes discovery requests as served on Defendants through CM/ECF on July 24, 2018, and they are directed to respond within the time limits prescribed by the Federal Rules of Civil Procedure. Plaintiff is hereby advised that future discovery requests will be returned to him by mail if he does not indicate that he first served the requests by mail on Defendants' counsel and awaited their responses before seeking court intervention.

II. Motion for an Extension

Plaintiff requests an extension of time, believing that the deadline for discovery was July 11, 2018. [ECF No. 49]. Although the original deadline for discovery was June 11, 2018 [ECF No. 23], the undersigned issued an amended scheduling order on May 24, 2018 [ECF No. 41]. The deadline for discovery is now October 10, 2018. *Id.* Plaintiff's motion for an extension [ECF No. 49] is therefore denied as moot.

III. Motion for a Bench Trial

Plaintiff has filed a "Demand for a Judge Trial." [ECF No. 50]. Defendants oppose the motion. [ECF No. 59]. Plaintiff's motion is denied as premature and because Defendants are entitled to a jury trial. *See* U.S. CONST. am VII.

IV.    Motion for Appointment of Counsel

Plaintiff has filed a motion for the court to appoint him counsel. [ECF No. 51]. There is no right to appointed counsel in 42 U.S.C. § 1983 civil rights cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not shown that any exceptional circumstances exist in this case.

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

July 24, 2018
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge