

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Thomas Souffrant,<br>　　　Plaintiff,<br><br>vs.<br><br>C.J. Iseman of Clarendon County;<br>and Clarendon County Sheriff's Office<br>　　　Defendants. | §<br>§<br>§<br>§　Civil Action No. 0:18-cv-00388-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Thomas Souffrant (Souffrant), proceeding pro se, filed this case under 42 U.S.C. § 1983 against Defendants C.J. Iseman (Iseman) and Clarendon County Sheriff's Office (CCSO). Souffrant alleges Iseman, in his official and individual capacity, and CCSO, in its official capacity, violated his Fourth Amendment rights by conducting an unlawful search and seizure (search and seizure claim) and using excessive force during an arrest (excessive force claim). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting this Court deny Souffrant's motion for summary judgment and grant in part and deny in part Iseman and CCSO's motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on January 17, 2019. Souffrant filed his objections on January 28, 2019, and Iseman[1] filed his objections on February 11, 2019. The Court has carefully reviewed the objections and finds only Iseman's objection to the Report's recommendation denying his motion for summary judgment on Souffrant's search and seizure claim meritorious. Therefore, the Court will enter judgment accordingly.

---

[1] Iseman and CCSO are jointly represented and filed one objection to the Report. Because the Magistrate Judge recommends this Court grant CCSO's motion for summary judgment in its entirety, the objection addresses only the claims against Iseman in his individual capacity.

**DISCUSSION AND ANALYSIS**

Souffrant objects to the Magistrate Judge's recommendations to (A) grant Iseman and CCSO's motion for summary judgment on Souffrant's official capacity claims, (B) deny Souffrant's motion for summary judgment on his search and seizure claim against Iseman, and (C) deny Souffrant's motion for summary judgment on his excessive force claim against Iseman. Iseman objects to the Magistrate Judge's recommendation to deny his motion for summary judgment on Souffrant's search and seizure claim and his excessive force claim.

**A.      Official Capacity Claims**

Souffrant's objection to the Report summarily concludes his official capacity claims should survive summary judgment because Iseman is employed by CCSO. The objection neither specifies why CCSO may be sued in its official capacity, nor how Iseman is liable in his official capacity.

As the Magistrate Judge correctly noted in the Report, Iseman and CCSO are not "persons" under § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), and they are immune from suit in their official capacities. *See Gulledge v. Smart*, 878 F.2d 379 (4th Cir. 1989) (affirming the Eleventh Amendment bars suits against South Carolina sheriffs and deputies in their official capacity). Nothing in Souffrant's objection suggests this case law is not controlling in this case. The Court agrees with the Magistrate Judge's recommendation to grant Iseman and CCSO's motion for summary judgment on Souffrant's official capacity claims.

**B.      Search and Seizure Claim**

Souffrant alleges Iseman conducted an unconstitutional search and seizure during a traffic stop. Iseman claims he initiated the stop after he observed Souffrant driving outside of his lane, which, in Iseman's experience, indicates fatigue or impairment. Incident Report (Inc. Rep.) at 1. After he approached the car, Iseman asked Souffrant to exit the vehicle and asked if he was

impaired. *Id*. Souffrant claims he volunteered to take a breathalyzer test and requested Iseman write him a ticket, both of which Iseman refused to do. Pl.'s Decl. at 1-2.

When he approached Souffrant's vehicle, Iseman observed paraphernalia in the car, such as Red Bull cans, multiple cell phones, an air freshener, and a single key in the ignition, which he stated in his affidavit are all indicators consistent with individuals smuggling contraband. Def.'s Aff. at 1-2. Iseman's suspicions grew when Souffrant told Iseman he had been in North Carolina for five days but the rental agreement for the vehicle Souffrant was driving showed the vehicle had been rented in Florida only two days earlier. *Id*. at 2. Souffrant also told Iseman he was visiting his cousin but was unable to provide his cousin's name or tell Iseman where his cousin lived. *Id*. Iseman then inquired whether there were any drugs or large amounts of cash in the car, both of which Souffrant denied. Inc. Rep. at 2. Iseman also noted Souffrant acted nervously when Iseman spoke to him during the stop. *Id*.

After Iseman verified Souffrant's license and found there were no outstanding warrants, which Souffrant claims Iseman previously said would conclude the stop, Iseman asked for consent to search the car. Pl.'s Decl. at 2. Souffrant refused, and Iseman instructed his partner Deputy Braxton to lead a K-9 around the vehicle. Inc. Rep. at 2. Once the dog alerted positive for drugs, the officers searched the rest of the car and found the contraband resulting in Souffrant's arrest. *Id*.

Souffrant and Iseman each object to the Magistrate Judge's recommendation the Court deny their respective motions for summary judgment on the search and seizure claim. The Magistrate Judge initially denied Iseman's motion because "Defendants [] do not address the constitutionality of Iseman's actions that preceded Plaintiff's arrest, completely disregarding Plaintiff's amended complaint and Plaintiff and [Witness's] declarations." Report at 11. In light

4

of Iseman's objection, which fully addresses the Magistrate Judge's concerns, the Court concludes Iseman's motion for summary judgment on Souffrant's search and seizure claim should be granted.

"The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating to the court the absence of a factual dispute by identifying the appropriate parts of the records supporting such a claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When determining whether a factual dispute exists, the court shall assume as true the evidence of the non-moving party and make "all justifiable inferences" in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Only genuine disputes of material fact, however, prevent a grant of summary judgment. *Id*. at 248. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a fact is material if it might "affect the outcome of the suit under the governing law." *Id*.

In their objections, both parties agree there is no dispute of material fact. Souffrant asserts the cocaine and cash found in the car serve as the only evidence of any criminal activity and, therefore, Iseman did not have probable cause to search the vehicle before finding these items. Iseman insists he had reasonable suspicion to walk the K-9 around the vehicle based on the items in plain view within the car, the car's rental agreement, and Souffrant's contradicting stories and suspicious actions. The dog's positive alert for narcotics then created the necessary probable cause to conduct the search which ultimately led to the discovery of the drugs.

"A traffic stop constitutes a 'seizure' under the Fourth Amendment and is thus subject to a reasonableness requirement." *United States v. Williams*, 808 F.3d 238, 245 (4th Cir. 2015). The Fourth Circuit analyzes traffic stops under the test set forth in *Terry v. Ohio*, 392 U.S. 1 (1968), as

"investigative detention[s]." *Williams*, 808 F.3d at 245. For a traffic stop to be constitutional, (1) the officer must have a "legitimate" reason for the stop's inception, and (2) "the officer's actions during the seizure were 'reasonably related in scope' to the basis for the traffic stop." *Id*. (citations omitted).

First, Iseman's traffic stop of Souffrant was "legitimate at its inception." *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017). Iseman pulled Souffrant over because he failed to maintain his lane. Though Souffrant alleges the real purpose of the stop was harassment, Souffrant fails to provide any evidence of this allegation. Souffrant simply alleges Iseman pulled him over for the sake of harassment because Iseman did not write Souffrant a ticket or give him a sobriety test. The Court concludes the traffic stop was "legitimate at its inception" because Iseman stopped Souffrant after observing his vehicle outside of his lane and believed Souffrant may have been impaired. Thus, Iseman satisfied the first prong of *Terry*.

Second, Iseman has demonstrated his actions during the seizure were "reasonably related in scope" to the initial traffic stop. Officers may only extend a traffic stop beyond the time necessary to accomplish the initial stop's purpose if they have a "reasonable, articulable suspicion of criminal activity" or consent from the driver. *Williams*, 808 F.3d at 245 (citing *Rodriguez*, 135 S. Ct. at 1614-1616). "Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Rodriguez*, 135 S. Ct. 1609, 1614 (2015). A dog sniff conducted by law enforcement to detect narcotics "is not an ordinary incident of a traffic stop," *id*. at 1615, and Iseman undisputedly conducted the dog sniff after the completion of the initial stop, thereby prolonging Souffrant's detention. The operative question, therefore, is whether Iseman had reasonable suspicion to prolong the traffic stop by leading the K-9 around Souffrant's vehicle.

6

Reasonable suspicion is "a 'commonsense, nontechnical' standard that relies on the judgment of experienced law enforcement officers." *Williams*, 808 F.3d at 246 (quoting *Ornelas v. United States*, 517 U.S. 690, 695 (1996)). District courts make a "substantive determination" about reasonable suspicion "from the facts and circumstances of the case and in the light of the 'fundamental criteria' laid down by the Fourth Amendment." *Ker v. California*, 374 U.S. 23, 33 (1963). In other words, the totality of the circumstances must support "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417 (1981). The Fourth Circuit requires "the detaining officer to either articulate why a particular behavior is suspicious or logically demonstrate, given the surrounding circumstances, that the behavior is likely to be indicative of some more sinister activity than may appear at first glance." *Williams*, 808 F.3d at 245 (internal quotation marks omitted).

The Court concludes Iseman had the requisite reasonable suspicion to lead the K-9 around Souffrant's vehicle based on his observation of items indicative of smuggling contraband in Souffrant's vehicle, the inconsistencies in Souffrant's story about where and for what purpose he was traveling, and Souffrant's furtive, nervous demeanor throughout the stop. The K-9's positive alert gave Iseman probable cause to search the car. *See, e.g.*, *United States v. Jeffus*, 22 F.3d 554, 557 (4th Cir. 1994). Therefore, the Court will sustain Iseman's objection to the Report, overrule Souffrant's objection to the Report, and grant Iseman's motion for summary judgment on Souffrant's search and seizure claim.

## C.    Excessive Force Claim

Finally, both Souffrant and Iseman object to the Magistrate Judge's recommendation to deny their respective motions for summary judgment on Souffrant's excessive force claim. After the officers discovered the contraband in the car, Souffrant claims both officers pulled out their

7

guns when neither he nor his passengers claimed the drugs. Pl.'s Decl. at 3. He asserts he held his hands in the air and did not resist but was still slammed to the ground by the officers. *Id*. Souffrant claims the officers beat him while he screamed for them to stop and broke his left fibula and injured his face during the beating. *Id*.; Pl.'s Am. Compl. at 6. Iseman generally denies these claims. Def.'s Answer at 2.

On a motion for summary judgment, parties asserting facts that cannot be or are genuinely disputed must support these assertions by citing to specific materials in the record. Fed. R. Civ. P. 56(c)(1)(A). Appropriate materials include documents, declarations, and affidavits. *Id*. Souffrant pled his allegations in a verified complaint and in a declaration. In the Fourth Circuit, verified complaints from pro se prisoners which contain factual allegations based on personal knowledge are considered affidavits. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Iseman produced the CCSO incident report, which contains no mention of a physical altercation, as documentary evidence refuting Souffrant's claims. The parties' assertions, supported by appropriate materials under Rule 56, create a classic "he said, she said" situation and demonstrate the genuine factual dispute with respect to this claim. Therefore, the Court will deny summary judgment on both Souffrant's and Iseman's motions as to the excessive force claim.

**CONCLUSION**

After a thorough review of the Report and the record in this case under the standards set forth above, the Court, as to Souffrant's claims against Iseman and CCSO in their official capacity, overrules Souffrant's objections, adopts the Report, incorporates it herein, and grants partial summary judgment for Iseman and CCSO. As to Souffrant's search and seizure claim, the Court sustains Iseman's objection, overrules Souffrant's objections, rejects the Report, and grants

Iseman's motion for summary judgment on this claim.  As to Souffrant's individual capacity excessive force claim against Iseman, the Court overrules Souffrant's and Iseman's objections, adopts the Report, incorporates it herein, and denies both parties' motions for summary judgment on this claim.  Therefore, it is the judgment of the Court Souffrant's motion for summary judgment is **DENIED** in its entirety and CCSO and Iseman's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

Signed this 1st day of August 2019 in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE