IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Thomas Souffrant, | ) | C/A No.: 0:18-388-SVH |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| C.J. Iseman, Deputy Sheriff of Clarendon County, | ) | |
| Defendant. | ) | |

Thomas Souffrant ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter comes before the court on Plaintiff's motion for leave to amend. [ECF No. 128]. This motion having been fully briefed, it is ripe for disposition. [ECF Nos. 130, 131].

I. Factual and Procedural History

Plaintiff, proceeding pro se, filed this lawsuit on February 9, 2018. [ECF No. 1]. In his original Complaint, Plaintiff alleged that on July 12, 2016, he was stopped by deputies of the Clarendon County Sheriff's office, including deputy C.J. Iseman and "two other sheriff's deputies of the Clarendon County Sheriff's Office." *Id.* at 3. Plaintiff alleged that the officers asked to search his vehicle and he refused. Thereafter, Plaintiff was told to exit the vehicle, and "[w]ithout any warning or instructions from Iseman or

other deputies, one deputy withdrew his revolver pointing it at me and deputy Iseman and the other deputy both grabbed me and lifting me off the ground and raising me several feet in the air and then slammed me on the ground." *Id.* In the section of the Complaint identifying the parties, Plaintiff identified Deputy Iseman and also identified "Deputy Sheriff #2, name currently unknown" and "Deputy Sheriff #3, name currently unknown." *Id.* at 2.

Plaintiff filed an amended complaint on May 24, 2018, in which he specified the nature of his claims—claims under 42 U.S.C. § 1983 for violation of his constitutional rights, specifically for an illegal traffic stop and search and for excessive force. [ECF No. 39]. The case proceeded through discovery. During discovery, Plaintiff, still acting pro se, made multiple unsuccessful attempts to obtain the video footage of the police stop. First, on April 16, 2018, he filed a motion for discovery, "requesting the surveillance from the Clarendon County Sheriff['s] Office" from "July 12, 2016." [ECF No. 25]. On June 11, 2018, Plaintiff filed a "motion to receive full discovery from Clarendon County Sheriff Office" in which he specifically requested the "audio and video from the night of July 12, 2016." [ECF No. 45]. Plaintiff argued that he needed his video for evidence and "because it shows the excessive force used by Defendants." *Id.* On July 26, 2018, Plaintiff filed his "Second Motion for Production of Documents" in which he asked the Sheriff's

2

Office to release the video footage of the traffic stop to the court. [ECF No. 63].[1] Plaintiff was not provided with the video or the opportunity to view it while he remained unrepresented.

The court granted summary judgment on Plaintiff's search and seizure claim, but denied summary judgment on Plaintiff's excessive force claim. [ECF No. 111]. On September 16, 2019, the court appointed counsel to represent Plaintiff. [ECF No. 121]. Thereafter, Plaintiff obtained a copy of the video footage he had been seeking since the beginning of this case. According to Plaintiff's motion to amend, after reviewing the video and asking defendant's counsel to confirm the identities of the individuals in the video, it became clear to Plaintiff that Officers Grice and Braxton were the two officers who threw him to the ground. [ECF No. 128]. Plaintiff seeks leave to amend the complaint to add Officers Ernie Grice and Brandon Braxton as defendants to this action.

II.     Standard on a Motion to Amend

Generally, a motion to amend a pleading is governed by Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should

---

[1] The undersigned denied without prejudice Plaintiff's motion to produce the video to the court, but stated Plaintiff could renew the motion upon the undersigned's consideration of dispositive motions, as typically defendants include any video available with their dispositive motions. [ECF No. 65].

3

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, a court should deny a motion to amend "only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Although Rule 15 directs courts to allow amendment of pleadings freely "when justice so requires," after the deadline for amending pleadings set forth in a scheduling order has passed, a party must first demonstrate good cause under Rule 16, Fed. R. Civ. P., for the court to allow the amendment. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). "[G]ood cause means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997) (citation omitted).

III. Analysis

Defendant argues Plaintiff has not shown good cause to amend because the delays in identifying the deputies at the scene of the arrest were due to Plaintiff's lack of diligence and carelessness. [ECF No. 130 at 3]. Defendant notes that Plaintiff's motions for discovery were denied because the court had

4

advised Plaintiff discovery requests should be served on the party and not filed with the court. Defendant argues Plaintiff's attempts to seek the video were not directed to him. [ECF No. 130]. However, the court ruled as follows on one of Plaintiff's motions for discovery related to the video:

> Plaintiff filed three separate motions requesting various forms of discovery. [ECF Nos. 45, 52, 53]. Plaintiff has previously been advised that discovery requests need not be filed with the court, but should be served on Defendants. [ECF No. 26]. Therefore, Plaintiff's motions are denied, as they prematurely seek to compel discovery responses from Defendants before the requests were served on Defendants. **However, in this limited instance only, the court construes discovery requests as served on Defendants through CM/ECF on July 24, 2018, and they are directed to respond within the time limits prescribed by the Federal Rules of Civil Procedure**.

[ECF No. 61 (emphasis added)]. Although it is unclear to the court why Defendant apparently failed to comply with the court's order, the undersigned cannot conclude Plaintiff displayed a lack of diligence in his attempts to obtain the video.

The undersigned grants Plaintiff's motion to amend and directs the Clerk of Court to docket the proposed Second Amended Complaint at ECF No. 128 as a new docket entry. Counsel for Defendant should advise the court by January 27, 2020, whether he is authorized to accept service on behalf of the new defendants. If counsel is not authorized to accept service and the court needs to direct discovery regarding the home addresses of the new defendants for service purposes (to be provided to counsel only), it will do so.

If counsel believe additional time is needed (past March 16, 2020) for discovery, they are directed to file a motion by January 31, 2020.

  IT IS SO ORDERED.

January 16, 2020            Shiva V. Hodges
Columbia, South Carolina       United States Magistrate Judge