IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Thomas Souffrant, | ) | C/A No.: 0:18-388-SVH |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| C.J. Iseman, Deputy Sheriff of Clarendon County, Brandon T. Braxton, and Ernie Grice, | ) | |
| Defendants. | ) | |

Thomas Souffrant ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter comes before the court on Iseman's motion to reconsider the court's order granting Plaintiff's motion to amend. [ECF No. 134]. This motion having been fully briefed, it is ripe for disposition. [ECF Nos. 139, 140].

I.  Factual and Procedural History

Plaintiff, proceeding pro se, filed this lawsuit on February 9, 2018. [ECF No. 1]. In his original Complaint, Plaintiff alleged that on July 12, 2016, he was stopped by deputies of the Clarendon County Sheriff's office, including deputy C.J. Iseman and "two other sheriff's deputies of the Clarendon County Sheriff's Office." *Id.* at 3. Plaintiff alleged that the officers asked to search his vehicle and he refused. Thereafter, Plaintiff was told to exit the vehicle, and "[w]ithout any warning or instructions from Iseman or

other deputies, one deputy withdrew his revolver pointing it at me and deputy Iseman and the other deputy both grabbed me and lifting me off the ground and raising me several feet in the air and then slammed me on the ground." *Id.* In the section of the Complaint identifying the parties, Plaintiff identified Deputy Iseman and also identified "Deputy Sheriff #2, name currently unknown" and "Deputy Sheriff #3, name currently unknown." *Id.* at 2.

Plaintiff filed an amended complaint on May 24, 2018, in which he specified the nature of his claims—claims under 42 U.S.C. § 1983 for violation of his constitutional rights, specifically for an illegal traffic stop and search and for excessive force. [ECF No. 39]. The case proceeded through discovery. During discovery, Plaintiff, still acting pro se, made multiple attempts to obtain the video footage of the police stop. First, on April 16, 2018, he filed a motion for discovery, "requesting the surveillance from the Clarendon County Sheriff['s] Office" from "July 12, 2016." [ECF No. 25]. On June 11, 2018, Plaintiff filed a "motion to receive full discovery from Clarendon County Sheriff Office" in which he specifically requested the "audio and video from the night of July 12, 2016." [ECF No. 45]. Plaintiff argued that he needed his video for evidence and "because it shows the excessive force used by Defendants." *Id.* On July 24, 2018, the undersigned issued an order stating in relevant part:

> Plaintiff filed three separate motions requesting various forms of discovery. [ECF Nos. 45, 52, 53]. Plaintiff has previously been advised that discovery requests need not be filed with the court, but should be served on Defendants. [ECF No. 26]. Therefore, Plaintiff's motions are denied, as they prematurely seek to compel discovery responses from Defendants before the requests were served on Defendants. **However, in this limited instance only, the court construes discovery requests as served on Defendants through CM/ECF on July 24, 2018, and they are directed to respond within the time limits prescribed by the Federal Rules of Civil Procedure.**

[ECF No. 61 at 1–2 ("July 24, 2018 Order"].

On July 26, 2018, Plaintiff filed his "Second Motion for Production of Documents" in which he asked the Sheriff's Office to release the video footage of the traffic stop to the court. [ECF No. 63]. The undersigned denied without prejudice Plaintiff's motion to produce the video to the court, but stated Plaintiff could renew the motion upon the undersigned's consideration of dispositive motions, as typically defendants include any video available with their dispositive motions. [ECF No. 65].

In August 2019, the court granted summary judgment on Plaintiff's search and seizure claim, but denied summary judgment on Plaintiff's excessive force claim. [ECF No. 111]. On September 16, 2019, the court appointed counsel to represent Plaintiff. [ECF No. 121]. Thereafter, Plaintiff obtained a copy of the video footage he had been seeking since the beginning of this case. According to Plaintiff's motion to amend, after reviewing the video and asking defendant's counsel to confirm the identities of the

3

individuals in the video, it became clear to Plaintiff that Officers Grice and Braxton were the two officers who threw him to the ground. [ECF No. 128].

On December 10, 2019, Plaintiff sought leave to amend the complaint to add Officers Ernie Grice and Brandon Braxton as defendants to this action. Iseman's response did not contain any arguments or allegations indicating he had previously served Plaintiff with the video. In the order granting Plaintiff leave to amend, the court quoted its July 24, 2018 Order, and noted that "Defendant had apparently failed to comply with the court's order." [ECF No. 132 at 5].

Iseman filed the instant motion to reconsider on January 24, 2020. [ECF No. 134].

II.   Standard on a Motion for Reconsideration

Motions for reconsideration of interlocutory orders are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice. *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003). Petitioner has not identified any of the narrow circumstances appropriate for granting a motion to reconsider.

III. Analysis

In his motion, Iseman requests the court reconsider its prior order and find Plaintiff did not show good cause to amend his complaint because he was not diligent in attempting to discover the identities of the two officers. [ECF No. 134 at 4]. In support, Iseman argues for the first time he complied with the July 24, 2018 Order by mailing a flash drive with the video to Plaintiff while incarcerated. [ECF No. 134 at 4; 134-1]. As explanation as to why he failed to provide such relevant information to the court in response to the motion to amend, Iseman argues "his alleged failure to provide the video to Plaintiff was not an issue" until the court's ruling granting the motion to amend, as "Plaintiff did not argue Defendant never provided him the video." [ECF No. 140 at 1].

Defendant's argument is inaccurate. In Plaintiff's motion to amend, he stated "Plaintiff was never provided with the video or the opportunity to view it while he remained unrepresented." [ECF No. 128 at 2–6]. Iseman's response did not dispute Plaintiff's statement. [*See generally* ECF No. 130]. Additionally, Plaintiff's reply stated "Defendants failed to provide Plaintiff with the video footage notwithstanding this Court's instructions to the contrary" and "In their Response, Defendants fail to provide any reason why Plaintiff did not receive the discovery he requested, but, for purposes of the instant Motion, it is undisputed that Plaintiff never received the video

5

footage of the traffic stop until his appointed counsel requested it." [ECF No. 131 at 3]. Iseman did not seek leave to file a sur reply to dispute Plaintiff's argument.

Iseman had adequate opportunity to argue he provided the video in response to the July 24, 2018 Order, and he failed to do so. A review of Iseman's response to the motion to amend reveals multiple references to Plaintiff's alleged failure to properly request the video,[1] which would be irrelevant if the video had been properly produced in compliance with the court's order. To the extent Iseman realized he had provided the video after the court granted leave to amend, failure to properly check his own records during the court's consideration of the motion to amend is not a sufficient basis to grant reconsideration. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (finding such motions may not be used to raise new arguments or introduce evidence that could have been addressed or presented previously).

Further, to the extent Iseman argues the amendment is futile because it is barred by the statute of limitations, the court is unable to find at this

---

[1] For instance, rather than advising the court the video had been served, Iseman argued "Plaintiff's attempts to seek the discovery of videos in the possession of Defendant were not directed to Defendant throughout the course of this case" and "Plaintiff failed to submit his discovery requests to Defendant despite multiple instructions by the court on the proper process to do so." [ECF No. 130 at 3].

6

time that the amendment is futile. Plaintiff argues that the statute of limitation may be equitably tolled and also that the amendment may relate back to the filing of the original complaint. [ECF No. 131 at 5–8]. The Fourth Circuit Court of Appeals has considered items outside of the pleadings to determine whether an amendment adding a new defendant relates back to the original complaint. *Wilkins v. Montgomery*, 751 F.3d 214, 225 (4th Cir. 2014 (considering affidavit evidence related to relation back of an amendment). Therefore, the court need not make a determination before the parties have had an opportunity to develop the record.

In addition, the undersigned does not find that Iseman will be prejudiced by Plaintiff's amendment. Iseman argues "The addition of new Defendants will prejudice Defendant Iseman as he will be forced to participate in further discovery and associated actions outside of the simple Order for Summary Judgment that he is entitled to." [ECF No. 130 at 5–6]. Iseman fails to acknowledge he has previously filed a motion for summary judgment that was denied in part. To the extent he now has exculpatory evidence, it is a direct result of Plaintiff's request for additional discovery—specifically the video. Given this history, the undersigned is not convinced that brief further discovery will prejudice Iseman. His attempts to argue prejudice on behalf of the new defendants is also unavailing, as it is the same

argument upon which he bases his futility argument, which is addressed above.

III. Conclusion

For the foregoing reasons, the court denies Iseman's motion for reconsideration.

IT IS SO ORDERED.

February 28, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge